**FILED**

**March 19, 2018**

TN COURT OF
WORKERS' COMPENSATION
CLAIMS

Time 10:49 AM



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| David E. Tucker, | ) | Docket No.: 2015-01-0281 |
| **Employee,** | ) | |
| v. | ) | |
| Star Transportation, | ) | State File No.: 51513-2015 |
| **Employer,** | ) | |
| and | ) | |
| New Hampshire Ins. Co., | ) | Judge Thomas Wyatt |
| **Carrier.** | ) | |
| | ) | |

---

## EXPEDITED HEARING ORDER DENYING REQUEST TO CHANGE TREATING PHYSICIAN

---

This claim came before the Court on March 15, 2018, for a telephonic Expedited Hearing. The sole issue is David Tucker's request to change treating physicians for his shoulder injury. For the reasons set forth below, the Court denies Mr. Tucker's request.

### History of the Claim

*Procedural Background*

Mr. Tucker filed a motion requesting a change of physicians, which the Court decided to consider within the framework of an Expedited Hearing.[1] The Court ordered Mr. Tucker to file a supporting affidavit and other evidence. Star Transportation responded in a timely fashion.

---

[1] Star Transportation requested an in-person hearing, to which Mr. Tucker objected based on the expense and inconvenience of traveling to Chattanooga. The Court scheduled a telephonic hearing upon learning that neither party intended to introduce live testimony. The Court invited Star Transportation and its counsel to participate in-person.

*Factual Background*

Mr. Tucker injured his neck and right shoulder at Star on July 1, 2015. Star accepted the injury as compensable and provided authorized treatment by a Nashville orthopedist. Later, Star offered a panel of orthopedists nearer to Mr. Tucker's home in South Georgia, from which Mr. Tucker selected Dr. Matthew Lee. Dr. Lee performed neck surgery in February 2016. He referred Mr. Tucker to Dr. Hector Mejia for right-shoulder complaints after the neck surgery did not resolve Mr. Tucker's pain.

In October 2016, Dr. Mejia surgically repaired Mr. Tucker's right rotator cuff, shoulder joint, and biceps tendon. Before the surgery, counsel for Star wrote Dr. Mejia posing several causation questions. Dr. Mejia answered "Yes" to inquiries as to whether the work injury Mr. Tucker described primarily caused his shoulder conditions and the need for surgery.

After Mr. Tucker recovered from surgery, Dr. Mejia referred him to physical therapists for functional capacity and impairment evaluations. The impairment evaluation report stated that the therapist's measurements "**are intended solely to aid you in your rating of the patient's impairment.**" (Bold font and underlining in original.) In addition to providing measurements, the therapist calculated Mr. Tucker's impairment at seven percent to the whole person under the 4th edition of the AMA Guides to the Evaluation of Permanent Impairment. Dr. Mejia signed the therapist's report, and in his office note wrote, "[a]t this point he is at MMI today[.][2] He is 7% whole body FCE results."[3]

In December, Mr. Tucker asked Dr. Mejia to complete the Physician Certification Form needed to consider whether an employee is entitled to enhanced permanent partial disability benefits. Mr. Tucker alleged that, when he asked for the form a month later, Dr. Mejia responded that he would defer to the FCE and "did not want a bunch of lawyers in his office asking questions." Dr. Mejia has not completed the form.

Mr. Tucker cited several reasons for requesting another physician to treat his shoulder. He contended he lost confidence in Dr. Mejia because the doctor's treatment proved ineffectual. Mr. Tucker also argued that Dr. Mejia has not met his duty under Tennessee law to provide assessments of his injury. Specifically, he contended Dr. Mejia

---

[2] Dr. Mejia indicated on a subsequent status form completed on January 29, 2018, that Mr. Tucker was not at MMI. In the same report, he ordered an MRI to assess Mr. Tucker's continuing complaints of shoulder pain.

[3] Both parties obtained other impairment ratings. Star asked Drs. Mejia and Lee to review the 10% whole-body rating from Star's evaluator under the *AMA Guides,* 6th Edition, and they agreed to adopt it. Mr. Tucker asked for an evaluation under the Bureau's Medical Impairment Rating Registry (MIRR) and received a 9% whole-body rating.

wrongfully deferred his impairment assessment to a physical therapist, who then rated the impairment under a guideline other than that required by Tennessee law. Mr. Tucker lastly complained that Dr. Mejia refused to complete the Physician Certification Form required for consideration of enhanced disability benefits.

Star responded that no legal basis exists for allowing an employee to change treating physicians under these circumstances. It pointed out that Dr. Mejia remains willing and able to treat Mr. Tucker and, in fact, recently ordered an MRI to investigate Mr. Tucker's continuing complaints. Star further argued that dissatisfaction with Dr. Mejia's impairment-assessment methodology does not justify a change of treating physicians, especially since Mr. Tucker invoked the MIRR process to obtain another rating. Finally, Star argued the law does not require a treating physician to complete the Physician Certification Form, and Dr. Mejia's failure to do so confirms the opinion stated in his records that Mr. Tucker can perform any job within his occupation so long as he complies with recommended restrictions.

## Findings of Fact and Conclusions of Law

In considering Mr. Tucker's request for a new authorized treating physician, the Court begins its analysis with *Scott v. Integrity Staffing Solutions*, TN Wrk. Comp. App. Bd. LEXIS 6, at *7 (Aug. 19, 2015). There, the Appeals Board stated, "Tennessee courts have long held that the employer in a workers' compensation case generally has the right to control medical treatment, assuming that the employer has complied with the requirements of Tennessee Code Annotated section 50-6-204." *Scott* held further that a judge should not assess the appropriateness of the care provided by an authorized doctor "absent some conflicting medical evidence or some other countervailing evidence properly admitted into the record." *Id.* at *8.

The Court first addresses Mr. Tucker's argument that Dr. Mejia provided ineffectual treatment that led to his loss of confidence in the doctor. Mr. Tucker did not come forward with any medical evidence challenging the reasonableness or appropriateness of Dr. Mejia's treatment. Under *Scott,* this failure leaves the Court with no legitimate basis to assess Dr. Mejia's treatment.

Further, the Court knows of no authority allowing an employee to compel an employer to provide a new panel simply because he claims a subjective loss of confidence in his treating physician. In *Limberakis v. Pro-Tech Security, Inc.,* 2017 TN Wrk. Comp. App. Bd. LEXIS 53 (Sept. 12, 2017), the Appeals Board allowed an employee to change treating physicians when the original doctor refused to see the employee for ongoing complaints. However, the Board did not do so in *Baker v. Electrolux,* 2017 TN Wrk. Comp. App. Bd. LEXIS 65, at *9-10 (Oct. 20, 2017), where the treating physician had not refused to see the employee but did not offer treatment for the employee's pain complaints at his last visit. The Board held:

3

In short, while Employee may be dissatisfied with her panel selection, she has pointed to no authority that would require Employer to provide another panel of physicians under the circumstances presented. The record contains no evidence to suggest that Dr. Burval is unable or unwilling to treat Employee or that Employee has unsuccessfully attempted to see him. Employer has discharged its statutory obligation to provide medical benefits made reasonably necessary by accident, and Employee is obligated to accept those benefits. *See* Tenn. Code Ann. §§ 50-6-204(a)(1)(A) and (a)(3)(A)(i).

Here, Mr. Tucker does not contend that Dr. Mejia will not see him. In fact, Dr. Mejia saw him recently and ordered an MRI. Instead, he alleges that his continued shoulder pain and Dr. Mejia's failure to properly assess his impairment and disabilities justify his lack of confidence in Dr. Mejia, thus entitling him to a new panel. In view of *Baker*, the Court holds that Mr. Tucker's lack of confidence in Dr. Mejia, without more, does not require Star to provide him a new treating physician.

The Court next turns to Mr. Tucker's other arguments—that he is entitled to a new panel because Dr. Mejia: (1) relied on a physical therapist who used the wrong guide to assess impairment; and (2) failed to complete a form referenced by statute. In addressing these issues, the Court recognizes that it may order an employer to provide another panel when the original treating physician refuses to treat ongoing work-related symptoms. However, the Court holds Dr. Mejia's alleged inadequacies do not rise to this level.

The Workers' Compensation Law contemplates that a treating physician will assess an employee's impairment. Tennessee Code Annotated section 50-6-204(a)(2)(A) provides:

> It is the intent of the general assembly that the administration of the workers' compensation system . . . [has] reasonable access to the employee's medical records and medical providers that are pertinent to and necessary for the efficient resolution of the employee's workers' compensation claim in a timely manner.

The treating physician's impairment opinion is an essential element in evaluating an employee's entitlement to disability benefits. Thus, the impairment rating falls within the parameters of "records . . . that are pertinent to and necessary for the efficient resolution of the employee' workers' compensation claim in a timely manner," and the Court holds that the law requires the treating physician to rate an employee's impairment.

However, here, Dr. Mejia provided two opinions on impairment. He signed off on the therapist's rating under the 4th edition of the *AMA Guides* and agreed to adopt Dr.

4

Little's rating under the 6th edition as his own. While Dr. Mejia's alleged use of improper methodologies may reduce the evidentiary weight assigned the ratings, it is not enough to require Star to provide a new panel.[4]

The Court also considers that the language cited above, when considered with Tennessee Code Annotated section 50-6-242(a)(2)(B), contemplates that the treating physician will complete the Physician Certification Form. However, the Court finds no authority sanctioning the physician or the employer for failure to do so. Without that authority, the Court must deny Mr. Tucker's request for a new panel because of Dr. Mejia's failure to complete the subject form. Of course, Mr. Tucker may present opinions other than Dr. Mejia's on the issue of his disability.[5] While Dr. Mejia's failure to complete the form may result in more expense and inconvenience to Mr. Tucker, he is not without a mechanism by which to establish enhanced permanent partial disability benefits.

In view of the above, the Court denies Mr. Tucker's request to change the physician authorized to treat his shoulder injury.

**IT IS SO ORDERED.**

**ENTERED this the 19th day of March, 2018.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

---

[4] The Bureau's rules set a monetary penalty as the only sanction against a physician for failing to timely complete a C-32 Final Medical Report, which includes an assessment of impairment. *See* Tennessee Compilation Rules and Regulations 0800-02-01-.16(4).

[5] The fact that Tennessee Code Annotated section 50-6-242(a)(2)(B) affords a presumption of correctness to the treating physician's opinion on an employee's disability means that disability opinions by others are relevant under the statutory inquiry.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Order was sent to the following recipients by the following methods of service on this the 19th day of March, 2018.

| Name | Certified Mail | First Class Mail | Via Fax | Via Email | Email Address |
|---|---|---|---|---|---|
| Daniel C. Todd, Employee Attorney | | | | X | dan@dantoddlaw.com |
| Sarah H. Reisner, Adrienne Fazio, Employer Attorneys | | | | X | sreisner@manierherod.com afazio@manierherod.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

6